United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESHWAR RAJU, et al., | Case No.  20-cv-01386-AGT |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTIONS TO DISMISS, TO TRANSFER VENUE, AND TO EXPEDITE DISCOVERY** |
| KENNETH T. CUCCINELLI, | |
| Defendant. | Re: Dkt. Nos. 18, 19 |

The immigrant investor program, or EB–5 program, generally allows foreign nationals to obtain permanent resident status upon investing a specified amount of money and creating at least ten full-time jobs in the United States.  *See* 8 U.S.C. §§ 1153(b)(5), 1186b.  The ten plaintiffs in this case each filed an EB-5 petition, also known as a Form I-526, between twenty-two and twenty-nine months ago (as of today).  With one exception,[1] they are still waiting for U.S. Citizenship and Immigration Services ("USCIS") to adjudicate their petitions, and they maintain that the delays are unreasonable under the Administrative Procedure Act ("APA").

USCIS has moved to dismiss the claims under Rule 12(b)(6), and in the alternative to transfer venue to the U.S. District Court, District of Columbia.  The plaintiffs, meanwhile, have moved to expedite discovery.  For the reasons identified below, all three motions are denied.

**A.    USCIS's Motion to Dismiss**

The APA permits federal courts to compel agency action "unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Whether agency action is unreasonably delayed is "ordinarily a complicated and nuanced task requiring consideration of the particular facts and

---

[1] Plaintiff Divyesh Ganatra's EB-5 petition was approved on April 10, 2020, *see* ECF No. 17, SAC ¶ 107, and he acknowledges that his claims are moot, *see* Opp'n, ECF No. 20 at 7 n.1.  For avoidance of doubt, his claims are hereby dismissed.

United States District Court
Northern District of California

circumstances before the court." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). For this reason, and also because the grounds for agency delay will often be unknown to plaintiffs at the pleading stage, unreasonable-delay claims are ordinarily best resolved on or after summary judgment, not on motions to dismiss for failure to state a claim. *See, e.g.*, *Haus v. Nielsen*, No. 17-CV-4972 MFK, 2018 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) ("[A]t this point the Court is dealing only with Haus's complaint; [USCIS] has not been called upon to offer any sort of explanation for the delay."); *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 54 (D.D.C. 2008) ("[W]hether [USCIS's] delay is unreasonable is a fact specific inquiry that is premature at [the pleading] stage.").

USCIS hasn't identified a compelling reason for the Court to deviate from this procedural preference. Although there is no statutorily mandated timeline for USCIS to process EB-5 petitions, "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application[.]" 8 U.S.C. § 1571(b). And "[r]epeatedly, courts in this and other circuits have concluded that a reasonable time for agency action is typically counted in weeks or months, not years." *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020) (internal quotation marks omitted). On these grounds alone, it is plausible that USCIS's delays here—of approximately two years in length, per plaintiff—are unreasonable. There may be legitimate reasons for these delays, but only after discovery can that be judged.

It is true, as USCIS notes, that some district courts within this circuit have granted motions to dismiss unreasonable-delay claims in the immigration context when the delays at issue were comparable to or greater than those experienced by the plaintiffs here. *See, e.g.*, *Lajin v. Radel*, No. 19-CV-52 MMA, 2019 WL 3388363, at *3–4 (S.D. Cal. July 26, 2019) (granting motion to dismiss, three-and-a-half-year delay); *Siwen Zhang v. Cissna*, No. 18-CV-9696 MWF, 2019 WL 3241187, at *4–5 (C.D. Cal. Apr. 25, 2019) (same, four-year delay); *Liuqing Zhu v. Cissna*, No. 18-CV-9698 PA, 2019 WL 3064458, at *4–5 (C.D. Cal. Apr. 22, 2019) (same, two-and-a-half-year delay).

These decisions, however, cannot be squared with the three principles identified above and

United States District Court
Northern District of California

repeated here: (i) immigration-benefit applications should generally be processed "not later than 180 days after the initial filing of the application," 8 U.S.C. § 1571(b); (ii) "a reasonable time for agency action is typically counted in weeks or months, not years," *In re Nat. Res. Def. Council*, 956 F.3d at 1139; and (iii) determining whether a delay is unreasonable is "ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Mashpee*, 336 F.3d at 1100. Each of these principles cuts against dismissing unreasonable-delay claims at the pleading stage when, as here, the delays are approximately two-years in length.

Going further, USCIS suggests that the Court should adopt a four-year rule, under which delays of four years or less would be presumptively reasonable. Some judges within this district have seemingly embraced such a rule in granting motions to dismiss unreasonable-delay claims. *See, e.g.*, *Naghibolashrafi v. Pompeo*, No. 19-CV-06602 NC, 2020 WL 1288409, at *4 (N.D. Cal. Mar. 18, 2020) (finding that "case law in the immigration context uniformly suggest[s] that delays less than four to six years are not unreasonable"); *Ou v. Johnson*, No. 15-CV-03936 BLF, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016) (stating that "courts in this district have generally found delays of four years or less not to be unreasonable under the APA"). The four-year rule conflicts with the three principles identified above; and it isn't supported by controlling precedent: no statutory, circuit, or Supreme Court authority is cited to support it.

More persuasive are decisions in which district courts have "resisted drawing arbitrary lines as a matter of law for unreasonable delay claims." *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1384 (M.D. Ga. 2019) (collecting cases in which district courts have denied motions to dismiss unreasonable-delay claims in the immigration context). These include *Gelfer v. Chertoff*, No. 06-CV-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007), a decision in which a judge in this district found that it was "premature [at the pleading stage] to consider the exact sources of [a two-year] delay" in adjudicating a foreign national's adjustment of status application.

Given the fact-intensive nature of unreasonable-delay claims, this resistance to line drawing is appropriate. *See Mashpee*, 336 F.3d at 1102 (explaining that an unreasonable-delay claim "cannot be decided in the abstract, by reference to some number of months or years beyond

1    which agency inaction is presumed to be unlawful, but will depend in large part, as we have said,

2    upon the complexity of the task at hand, the significance (and permanence) of the outcome, and

3    the resources available to the agency").

4            USCIS, in arguing that its delays are reasonable as a matter of law, also notes that the

5    processing times experienced by the plaintiffs thus far (i.e., between twenty-two and twenty-nine

6    months) are within the norm.  Based on its analysis of recently completed cases, the agency

7    reports that as of June 24, 2020, it had processed 50 percent of EB-5 petitions within thirty months

8    and 93 percent within sixty-one months.  *See* Mot., ECF No. 18 at 17 & n.10; *see also* SAC ¶ 56

9    (citing a similar but somewhat lower range of processing times as of May 2019).

10           Although these ranges provide context, they don't prove that the delays at issue are

11   reasonable as a matter of law.  For depending on the grounds for the delays, even processing times

12   at the low end of the range could be unreasonable.  As another district court explained in rejecting

13   the same argument, "[a]n unreasonable delay that applies to every applicant is still unreasonable."

14   *Camarena v. Cuccinelli*, No. 19-CV-5643, 2020 WL 550597, at *3 (N.D. Ill. Feb. 4, 2020).

15   Again, there may be good reasons for USCIS's delays.  But at the pleading stage, next to nothing

16   is known about those reasons and further factual development is necessary.

17           The plaintiffs have each plausibly stated an unreasonable-delay claim.  USCIS's motion to

18   dismiss their claims is denied.[2]

19   **B.    USCIS's Motion to Transfer Venue**

20           Of the ten plaintiffs, only two reside in California.  The others live in India, Russia,

21   Florida, Virginia, West Virginia, and Wisconsin.  USCIS, on the other hand, is headquartered in

22   Washington D.C., which is also where it adjudicates EB-5 petitions.

23           There is no dispute that venue is proper in this district; the two California-based plaintiffs

24

25   [2] In determining whether agency action has been unreasonably delayed, USCIS notes that courts
     ordinarily "look to the so-called *TRAC* factors."  *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507
26   (9th Cir. 1997) (citing *Telecomms. Research & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C.
     Cir. 1984)).  Those factors are fact intensive, and the Court follows the lead of other district courts
27   that have declined to address them on a motion to dismiss.  *See, e.g., Moghaddam v. Pompeo*, 424
     F. Supp. 3d 104, 117 (D.D.C. 2020) ("Undergoing such a fact-specific inquiry at this stage would
28   be premature."); *M.J.L. v. McAleenan*, 420 F.Supp.3d 588, 598 (W.D. Tex. Nov. 13, 2019) ("[A]t
     the motion to dismiss stage," it would be "premature to address these [*TRAC*] factors.").

United States District Court
Northern District of California

1   live within the district, which is sufficient.  *See* 28 U.S.C. § 1391(e)(1)(C); 4B Charles A. Wright,

2   Arthur R. Miller, *Federal Practice and Procedure* § 3815 (4th ed. April 2020 update) (explaining

3   that in cases against federal agencies involving "multiple plaintiffs, venue is proper where any one

4   of them resides").  USCIS, however, contends that the District of Columbia, a venue where the

5   plaintiffs could have filed their complaint, *see* 28 U.S.C. § 1391(e)(1)(A), is more convenient, and

6   that the case should be transferred there.

7        For the "convenience of parties and witnesses," and in "the interest of justice," a district

8   court may transfer a civil action to another district where it might have been brought.  28 U.S.C.

9   § 1404(a).  For several reasons, the Court declines to do so here.

10       First, although the plaintiffs are scattered throughout the country and also internationally,

11  two of them do reside in this district, while no other district is home to more than one of them.

12  For the two plaintiffs who reside here, this district is especially convenient.  As for the other

13  plaintiffs, although residing elsewhere, they did agree to file their claims here.  In contrast, no

14  plaintiff resides in the District of Columbia or decided to litigate there.  This all means that on

15  balance, a transfer to the District of Columbia would make the litigation less convenient for the

16  plaintiffs.

17       Second, although USCIS is located in Washington D.C., the agency regularly litigates

18  APA unreasonable-delay claims throughout the country.  *See, e.g.*, *M.J.L.*, 420 F. Supp. 3d 588

19  (W.D. Tex. 2019); *Patel*, 400 F. Supp. 3d 1373 (M.D. Ga. 2019); *Gonzalez v. Cissna*, 364 F.

20  Supp. 3d 579 (E.D.N.C. 2019); *Al-Rifahe v. Mayorkas*, 776 F. Supp. 2d 927 (D. Minn. 2011);

21  *Wang v. Chertoff*, 676 F. Supp. 2d 1086 (D. Idaho 2009); *Dong v. Chertoff*, 513 F. Supp. 2d 1158

22  (N.D. Cal. 2007); *Han Cao v. Upchurch*, 496 F. Supp. 2d 569 (E.D. Pa. 2007); *Tang v. Chertoff*,

23  493 F. Supp. 2d 148 (D. Mass. 2007).  To support these efforts, the agency has field offices and is

24  represented nationwide by U.S. Attorney's Offices.  So, even if litigating in the District of

25  Columbia would be more convenient for USCIS, the agency is well equipped to litigate elsewhere,

26  including here.

27       Third, because this district is home to the two plaintiffs who reside here, deference is due

28  to their choice of forum.  *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th

United States District Court
Northern District of California

Cir. 2011) ("When a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient."); *H.L. v. Wal-Mart Stores, Inc.*, No. 15-CV-1056 JGB, 2015 WL 12743600, at *2 (C.D. Cal. Sept. 9, 2015) ("Unless the balance tips strongly in favor of the moving defendant, a plaintiff's choice of forum should not be disturbed.").

For these reasons, convenience and the interests of justice do not warrant disturbing the plaintiffs' choice of forum.  The Court therefore denies USCIS's motion to transfer venue.

## C.      Plaintiffs' Motion to Expedite Discovery

The plaintiffs maintain that USCIS's motion to dismiss goes beyond the pleadings and relies on evidence.  Hoping to put forward their own evidence to keep pace and to better defend against USCIS's motion, the plaintiffs filed a motion to expedite discovery.  The Court need not consider whether the plaintiffs' characterization of USCIS's motion to dismiss is correct, for even taking the motion to dismiss as it is, the Court has denied it.  As no other grounds are asserted for expediting discovery, the Court denies the plaintiffs' motion.  Discovery shall proceed on the timeline contemplated by the federal rules.

**IT IS SO ORDERED.**

Dated:  August 14, 2020

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California

6